UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES F. CRAWFORD, JR. et al.,

                 Plaintiffs,                    Case No. 1:12-cv-407

v.                                          Honorable Robert J. Jonker

RSPM et al.,

                 Defendants.

_____/

## OPINION

        This is an action brought by state prisoners under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.* The Court has granted Plaintiffs leave to proceed *in forma pauperis*, and Plaintiffs have paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiffs' action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiffs John F. Crawford, Jr., and Jamie M. Fisher are prisoners incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF).  The named Defendants are: "RSPM, ALLIES, GEN GREY/HOUNDS, AMERICAN GREY/HOUNDS," and their respective officers and directors.  (*See* Compl., docket #1, Page ID#1.)

Plaintiffs contend that Defendants have "sanctioned, created and implemented a policy and/or custom" that prevents certain prisoners from participating in a dog-handler program at LCF, which deprives them of the ability to obtain a prison job as a dog handler.[1]  (Compl. ¶ 9.) Unidentified LCF personnel told Plaintiff Crawford that "prisoners with disabilities and those with SCS[2] crimes [are] placed in the Centralized no-hire category for certain programs."  (*Id.* at ¶ 22.) In addition, a Resident Unit Manager at LCF told Crawford that there was "a long-standing practice that the prisoners with disabilities and SCS crimes would not be hired as Dog Handlers in the program."  (*Id.* at ¶ 23.)

Plaintiffs assert that Defendants' policy and practices violate Plaintiffs' rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution, and Title II of the ADA.

**Discussion**

I.      Class Certification

Plaintiffs have titled their complaint as a class action, which the Court construes as a request for class certification.  For a case to proceed as a class action, the Court must be satisfied

---

[1] According to an undated press release, a non-profit organization called Refurbished Pets of Southern Michigan provides retired greyhounds to LRF for several weeks at a time to allow inmates to train the dogs for future adoption; in return for their work, the inmates receive wages from the MDOC.  *See* MDOC Press Release, Lakeland Facilities Have "Gone to the Dogs," http://michigan.gov/corrections/0,1607,7-119-1441_1476-187411--,00.html.

[2] Plaintiffs do not specify what a "SCS" crime is, but they are likely referring to crimes involving criminal sexual conduct, *i.e.* "CSC" crimes.

on a number of grounds, including the adequacy of class representation. *See* Fed. R. Civ. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99–2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98–6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Marr v. Michigan*, No. 95–1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996). Accordingly, because Plaintiffs are incarcerated, *pro se* litigants, the Court finds that they are not appropriate representatives of a class. Therefore, the Court will deny Plaintiffs' request for class certification.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. § 1915(e)(2)(B)(i)).

## A. Section 1983 claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Plaintiffs claim that Defendants violated several constitutional rights, but the complaint is sorely lacking in factual allegations to support these claims.

Plaintiffs broadly allege that Defendants, collectively, are responsible for a policy that excludes certain offenders from entering the dog-handler program, though it is not clear who the Defendants are, much less how any of them is involved in creating or implementing the alleged policy. Indeed, no individual Defendant is even identified in the body of the complaint. *Cf. Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Moreover, the only allegations supporting the existence of the alleged policy are statements by unidentified LCF personnel, but none of those statements implicate Defendants. To the contrary, the allegation that certain prisoners are placed in

a "Centralized no-hire category for certain programs," suggests that the MDOC, the entity generally responsible for assigning prisoners to vocational programs, is the one responsible for excluding certain prisoners from the dog-handler program.

Furthermore, the nature of Plaintiffs' injury is unclear. Just as the complaint broadly refers to "Defendants," it also broadly refers to "Plaintiffs," a term that apparently includes other prisoners who are or were incarcerated at LCF. (*See* Compl. ¶¶ 4, 11.)  There are no allegations indicating that the named Plaintiffs suffered any specific harm, however.  Plaintiffs do not identify an instance or time period in which they were prevented from entering the dog-handler program. Indeed, there are no allegations specific to Plaintiff Fisher, and the only allegations specific to Plaintiff Crawford are that he learned about the alleged policy from LCF personnel. (*See* Compl. ¶¶ 16, 22.)  Moreover, there is no indication that the alleged policy even applies to Plaintiffs, as they do not allege that they are disabled or were convicted of "SCS" crimes.  In short, construing the pleadings liberally, Plaintiffs' allegations are much too vague and conclusory to plausibly suggest that Defendants are responsible for preventing Plaintiffs from entering the dog-handler program. *See Twombly*, 550 U.S. at 555; *Iqbal*, 662 U.S. at 678.

The lack of facts regarding the named Plaintiffs, individual Defendants, and specific instances of harm likely reflects Plaintiffs' misguided attempt to bring many claims on behalf of a large class of prisoners.  Plaintiffs lack standing to bring claims on behalf of other prisoners, however. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92–3120, 1992 WL 188120, at *2 (6th Cir. Aug.6, 1992).  Moreover, as laymen, Plaintiffs may only represent themselves with respect to their own claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973).

For the foregoing reasons, therefore, Plaintiffs' allegations are not sufficient to state a § 1983 claim.

**B.      ADA claim**

Title II of the Americans with Disabilities Act of 1990 (ADA), 104 Stat. 337, 42 U.S.C. §§ 12131-12165, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."  § 12132.  The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual[.]"  42 U.S.C. § 12102(2)(A).

Like Plaintiffs' § 1983 claims, their ADA claim is wholly conclusory.  Plaintiffs do not allege that they suffer from a disability or that they, personally, were subjected to discrimination because of a disability.  Accordingly, Plaintiffs also fail to state an ADA claim.

III.     Pending Motions

Also pending before the Court are various motions filed by Plaintiffs.  For example, Plaintiffs seek a temporary restraining order ("TRO"), ask the Court to waive the security-requirement for the TRO, ask the Court to expedite a decision on the TRO, request a writ of habeas corpus ad testificandum, seek to dispense with travelling costs for service of subpoenas, and seek to stay this action pending an appeal (*see* docket ##4, 6, 19, 21, 22, 24).  Because the Court will dismiss the action, Plaintiffs' motions will be denied as moot.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c), and Plaintiffs' pending motions will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiffs appeal this decision, the Court will assess the requisite appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless a Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). A Plaintiff who is barred by the three-strikes rule will be required to pay his portion of the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


                                             /s/Robert J. Jonker
                                         ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2012